### SEIGLE *v.* LOUDERBAUGH.

Residence on part of a tract gives constructive possession to the whole, though a part be covered by an elder survey, of which tract there was no actual possession.

For a misdirection, judgment will be reversed, though no instruction be requested. *Contra*, if there be an omission to instruct without request.

In error from the Common Pleas of Bedford.

*June* 10. Ejectment. The plaintiff had the title to a tract surveyed in 1794. The defendant's title was under an improvement warrant, interest commencing in 1795, which interfered with plaintiff's survey. He proved his residence on his own tract for more than twenty-one years, and that no one lived on the plaintiff's tract, nor was there any clearing there.

The court (BLACK, P. J.) told the jury the plaintiffs had the older and better title, and that defendants could not set up improvements earlier than the time fixed for the commencement of interest. (It would seem this was the question of fact below.)

*Barclay*, for plaintiff in error.

*Thompson*, contrà.

PER CURIAM.—That the defendant below had an indefeasible title, is beyond a doubt. It is settled, that an occupant who has entered by a colourable title for purposes of residence or cultivation, is in adverse and exclusive possession of all the lands within his survey, unless there is an interfering tract which is settled and

seated in the same way; and then the land within the interference shall be taken to have been in the exclusive possession of neither party. Now, the defendant Louderbaugh, or his predecessors, had resided on the Clark tract unintermittingly during forty years; and as no one took actual possession of any part of the Folwell warrant, the possession under the Clark warrant was adverse and exclusive. The very point has been decided at the present term in Kite v. Brown and Waggoner v. Hastings, (*supra*, 291, 300.) The difficulty here is, that the point does not seem to have been made by a prayer for special direction; and, in its absence, we are not at liberty to reverse for any omission to charge on a particular point or in a particular way. But for actual misdirection, though on a point not brought to the judge's notice, the rule is different; and though the cause before us seems to have been tried irrespectively of the statute of limitations, yet, as the court instructed the jury that the title of the plaintiff was the better one, when in truth he had no title at all, the cause is sent for correction of this excusable error to another jury.

Judgment reversed, and a *venire de novo* awarded.